UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE WREX GROUP, LLC, d/b/a Chuck's Wrecker Service, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23CV649 HEA |
| | ) |
| USAT LOGISTICS, a division of USA TRUCK, INC., JACKSON ELITE TRUCKING, LLC, and WALMART, INC., | ) |
| | ) |
| Defendant. | ) |

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant Jackson Elite Trucking, LLC's Motion to Dismiss and/or Motion to Transfer, [Doc. No. 45]. Defendant USA Truck, Inc. opposes the motion. Jackson has filed a Reply to this Response. The Court finds the matter ripe for consideration.

### Facts and Background[1]

Plaintiff's Second Amended Complaint alleges the following:

On January 19, 2020, Defendant USAT Logistics brokered a load of

---

[1] The recitation of facts is set forth for the purposes of this motion only and in no way relieves the parties of the necessary proof of the facts herein.

charcoal from a Royal Oak production facility in Salem, Missouri for transport to a Wal-Mart facility in Alabama, store 6006. USAT Logistics brokered or subcontracted with Jackson Elite Trucking, LLC to transport the charcoal load.

Even though the cargo was loaded on the Jackson Elite Trucking trailer, Jackson Elite Trucking was not the owner of the cargo. Royal Oak Enterprises has advised Plaintiff that Walmart was the owner of the cargo claiming Walmart purchased it from Royal Oak prior to the incident. By brokering the charcoal load, Defendant USA Truck was acting as an agent for the charcoal's owner and assumed responsibility for completing the cargo transportation, which did not occur.

On January 20, 2020, a Jackson Elite Trucking trailer was loaded at Royal Oak's Salem, Missouri production facility. Even though USAT brokered the load to Jackson Elite, pursuant to its contract with Walmart, it remained responsible for the delivery of the cargo and responsibility for all damages and losses related to the movement of the cargo.

Shortly after transport began, an employee or agent of Jackson Elite lost control of the tractor trailer on Highway 8 in Crawford County, Missouri resulting in significant damage/loss of the tractor and trailer. At the time of the collision the tractor trailer was being operated by an employee or agent of Jackson Elite in the course and scope of employment for Jackson Elite.

The Jackson Elite tractor and its trailer came to rest on their sides and completely blocked traffic. The Missouri State Highway Patrol contacted Plaintiff and authorized Plaintiff to clear the wreckage so the highway could be reopened. In order to right the tractor it had to be separated from the trailer and a specialized tow vehicle called a "rotator" was used to hoist it back onto all four wheels. In order to right the trailer, which had suffered significant structural damage, the contents of the trailer, 37,138 pounds of bagged charcoal, had to be manually transloaded onto a trailer Plaintiff rented for the purpose of clearing the wreckage.

After the cargo was manually transloaded onto a waiting trailer, it was shrink wrapped to protect it during transport. After the cargo was transloaded the "rotator" was again used to pick up the trailer, orient it and place it on a "dolly" for moving on public highways. The "dolly" was used because the structure of the trailer had been compromised to the point that it could not be safely towed in an ordinary fashion.

In order to remove the wreckage, Plaintiff had to employ additional laborers. Plaintiff had to pay for a "lane drop" which is a permit to temporarily close part of the highway.

Plaintiff offloaded the cargo inside its short-term storage facility in Rolla, Missouri which is in Phelps County. It alerted Jackson Elite Trucking, LLC and its

insurer as to where the cargo was located, that it was in good and usable condition, and that a daily storage charge would be assessed.

Pursuant to its contract with Walmart, USA Truck was required to notify Walmart of any accidents which impaired the prompt delivery of the cargo in its possession or in the possession of any subcontractor. USAT Logistics was advised by Plaintiff that the cargo it brokered is being warehoused but has made no effort to collect it or reimburse Plaintiff for the storage thereof or make arrangements to complete the transportation of the cargo to Walmart. To date, the approximately 37,000 pounds of Defendants' bagged charcoal remains unclaimed in Plaintiff's storage facility.

USA Truck filed a crossclaim against Jackson Elite for contractual indemnity and contribution for the alleged negligence of Jackson Elite's driver. Jackson Elite now moves to dismiss or to transfer pursuant to a forum selection clause contained in the Broker Provider Agreement entered into by USA Truck and Jackson Elite which provides:

> All controversies and claims arising hereunder shall be brought in the appropriate state or federal court having jurisdiction over Crawford County, Arkansas.

## Legal Standard

The Eighth Circuit Court of Appeals appears to hold that a district court must apply federal law to the question of whether to enforce a forum selection

clause. *Union Elec. Co. v. Enery Ins. Mut. Ltd*., 689 F.3d 968 (8th Cir. 2012).

Forum selection clauses are prima facie valid and are enforced unless they are

unjust or unreasonable or invalid for reasons such as fraud or overreaching. *M/S*

*Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 15 (1972). *Atl. Marine Const. Co. v.*

*U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013) makes clear that "a

proper application of § 1404(a) requires that a forum-selection clause be 'given

controlling weight in all but the most exceptional cases.'" 571 U.S. at 59-60

quoting *Stewart Org. v. Ricoh Corp*., 487 U.S. 22, 33 (1988) (Kennedy, J.,

concurring)). They are enforceable unless they would actually deprive the

opposing party of his fair day in court. *Carnival Cruise Lines, Inc. v. Shute*, 499

U.S. 585, 590-95, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

 "In general, federal courts give considerable deference to a plaintiff's choice

of forum and thus the party seeking a transfer under section 1404(a) typically bears

the burden of proving that a transfer is warranted." *Terra Int'l, Inc. v. Miss. Chem.*

*Corp.*, 119 F.3d 688, 695 (8th Cir. 1997); see also *K-V Pharm. Co. v. J. Uriach &*

*CIA, S.A*., 648 F.3d 588, 598 (8th Cir. 2011) ("The defendant has the burden of

persuasion in proving all elements necessary for the court to dismiss a claim based

on forum non conveniens"). The Eighth Circuit has "declined to offer an

'exhaustive list of specific factors to consider' in making the transfer decision[.]"

*In re Apple, Inc*., 602 F.3d 909, 912 (8th Cir. 2010) (quoting *Terra Int'l*, 119 F.3d at

691). Instead, district courts considering a motion to transfer under § 1404(a) or for forum non conveniens "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine*, 571 U.S. at 62. Private factors include the "plaintiffs' choice of forum" and generally relate to the "practical problems that make trial of a case easy, expeditious and inexpensive." **Id**. at 62, 134 S.Ct. 568 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). In contrast, "[p]ublic-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*.

Along with these factors identified by the *Atlantic Marine* Court, the Eighth Circuit in *Terra International* identified factors to be considered when resolving motions to transfer. The *Terra International* court identified the following as "balance of convenience" factors: (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law. *Terra Int'l*, 119 F.3d at 696. With regard to "interest of justice" factors, the *Terra International* court identified these factors: (1) judicial economy, (2) the

plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. *Id.*

When the parties have agreed to a valid forum selection clause, the § 1404(a) analysis is altered in three ways. *Atl. Marine*, 571 U.S. at 62-67. "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 63. Second, a district court may not consider arguments about the parties' private interest, but public-interest factors only. *Id.* at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."). Third, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* at 64-65, 134 S.Ct. 568.

### Discussion

Jackson Elite argues that the Court must dismiss or transfer USA Truck's counterclaims to the Western District of Arkansas, Fort Smith Division pursuant to 28 U.S.C. § 1404(a) and the Agreement's forum-selection clause. USA Truck does

not challenge the mandatory nature of the forum selection clause, rather, it argues as a preliminary matter that the claims in this case should not be transferred because Jackson Elite has waived the defense of improper venue.

As a threshold matter, the Court will address USA Truck's argument that Jackson Elite has waived its defense of improper venue not raising the issue when it removed Plaintiff's action to this Court from the state court in which it was filed. USA Truck argues Jackson Elite voluntarily submitted to the Court's jurisdiction.

**Waiver of Venue**

Defendant argues that Plaintiff has waived its defense of improper venue by not seasonably asserting it. The defense of improper "venue, like jurisdiction over the person, may be waived. A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Ordinarily, the defense of improper venue is waived if it is not raised in a Rule 12(b)(3) motion to dismiss, in the party's first responsive pleading, or the first amended responsive pleading allowed as a matter of course. Fed. R. Civ. P. 12(h)(1). USA Trucking argues the Jackson Elite waived the motion when it removed Plaintiff's action. USA Trucking's argument, however, is without merit.

Jackson Elite filed the Motion 21 days after the crossclaim was filed. At the time of removal, the Crossclaims had not yet been filed, thus, there was no case or

8

controversy that existed between USA Truck and Jackson Elite to be transferred. An anticipatory crossclaim does not give rise to an actual case or controversy before the Court. A "case must be 'ripe'—not dependent on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.' *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted)." *Trump v. New York*, 592 U.S. 125, 131(2020). At the time of removal, the crossclaims were not ripe; they were anticipatory, at best.

**Contribution Claim**

USA Truck argues Count II, contribution based on the alleged negligence of Jackson Elite's driver, does not fall within the perimeters of the forum selection clause of the Broker Provider Agreement.  Jackson Elite correctly argues the Eighth Circuit opinion in *Terra Intern., v. Mississippi Chemical Corp*, 119 F.3d 688, 694-95 (8th Cir. 1997) provides otherwise.

> "Whether tort claims are to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." *Berrett v. Life Ins. Co. of the Southwest*, 623 F.Supp. 946, 948–49 (D.Utah 1985). An analysis of the specific language of the forum selection clause in this case does not clearly indicate whether the clause applies to Terra's tort claims. As we have construed it, the clause requires any disputes arising under the license agreement to be determined in Mississippi. Terra asserts that its negligence and strict liability claims do not arise under the agreement because they are based on MCC's breach of common law tort duties that are independent of any duty arising from the license agreement, and they do not require a particular construction of the agreement's terms. MCC, on the other hand, contends that Terra's tort claims target the specific subject matter of the

license agreement, the neutralizer technology, and explains that without the license agreement, Terra never would have received the technology.

Although the cases deciding whether very similarly-worded forum selection clauses cover tort claims have reached different conclusions, the majority of these cases suggests that such clauses do apply to tort claims. In *Banco Popular de Puerto Rico v. Airborne Group PLC*, 882 F.Supp. 1212 (D.P.R.1995), the parties entered into a sales agreement for the sale of a blimp. The agreement contained a forum selection clause which provided that "disputes hereunder or as to the construction of this Agreement shall be resolved in the Courts of England." *Id*. at 1213. The court determined that, in addition to his breach of contract claims, this clause encompassed all of the plaintiff's tort claims which included claims for negligent manufacture and maintenance of the blimp. *Id*. at 1214, 1217. Additionally, another court determined that a forum selection provision which read, "In the event of any litigation commenced by either party hereunder, such action shall be commenced in New York," covered tort claims based on fraud and deceit. *Picken v. Minuteman Press Int'l, Inc*., 854 F.Supp. 909 (N.D.Ga.1993). In discussing the clause, which is remarkably similar to the one presently at issue, the court explained that "Reading the word 'hereunder' to apply only to a pure breach of contract claim between the parties would be unduly crabbed and narrow. 'Hereunder' refers to the relations that have arisen as a result of this contract." *Id*. at 911; see also, *Warnaco Inc. v. VF Corp*., 844 F.Supp. 940, 947–49 (S.D.N.Y.1994) (finding tort claims covered by forum selection clause reading, "Any dispute or issue arising hereunder...."); *Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc*., 825 F.Supp. 671, 677–78 (D.N.J.1993) (finding forum selection provision reading "any and all causes of action hereunder by and between the parties hereto" covered claims for tortious interference); but see, *Hoffman v. Minuteman Press Int'l. Inc*., 747 F.Supp. 552, 559 (W.D.Mo.1990) (holding that tort claim for fraudulent inducement was not covered by forum selection clause reading "any litigation commenced by either party hereunder"); *Berrett*, 623 F.Supp. at 947, 949 (finding that forum selection clause which read "parties agree that any action at law or in equity hereunder" did not apply to several business-related tort claims). These cases indicate that forum selection clauses referring to claims "hereunder" or "under the agreement" can be broad enough to cover contract-related tort claims.

*Terra Int'l, Inc. v. Mississippi Chem. Corp*., 119 F.3d 688, 693–94 (8th Cir. 1997).

Case 2:24-cv-02090-TLB   Document 58   Filed 06/28/24   Page 11 of 12 PageID #: 406

The terms of the Broker Provider Agreement encompass Count II of the Crossclaim.

Jackson Elite urges dismissal or alternatively, transfer of the crossclaim. The Court is of the opinion that the most efficient and judicially economical approach is transfer. In passing, USA Truck asks the Court to stay this action pending the resolution of the crossclaim if it is to be transferred. The Court reserves ruling on this request so that Plaintiff and Jackson Elite may have the opportunity to weigh in on this issue.

## Conclusion

Jackson Elite and USA Truck entered into a valid, binding forum selection agreement. As such, the crossclaims must be adjudicated in the Western District of Arkansas, Fort Smith Division.

Accordingly,

**IT IS HEREBY ORDERED** that Jackson Elite's Motion to Transfer, [Doc. 45] is granted.

**IT IS FURTHER ORDERED** that the Crossclaims of USA Truck against Jackson Elite are transferred to the Western District of Arkansas, Fort Smith Division.

**IT IS FURTHER ORDERED** that the parties are given 10 days from the date of this Opinion, Memorandum, and Order to submit briefs on whether a stay should be entered in this matter until resolution of the crossclaims.

Dated this 28th day of June, 2024.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE