IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**USA TRUCK, INC.**                                                                                 **PLAINTIFF**

**V.**                                 **CASE NO. 2:24-CV-2090**

**JACKSON ELITE TRUCKING, LLC**                                       **DEFENDANT**

**ORDER**

Before the Court is the Report and Recommendation ("R&R") (Doc. 81) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, filed in this case on November 11, 2024. Defendant Jackson Elite Trucking, LLC, filed Objections to the R&R (Doc. 82), and in response, the Court conducted a *de novo* review of the entire record. *See* 28 U.S.C. § 636(b)(1).

Some background is necessary to put the Court's ruling into context. The claims in the instant case arise from a suit that is pending in the United States District Court for the Eastern District of Missouri, Case No. 4:23-CV-00649 ("Missouri Suit"). According to the second amended complaint filed in the Missouri Suit (ECF 27), Walmart, Inc., hired USA Truck to broker the transportation of a load of charcoal from a production facility in Missouri to a Walmart distribution center in Alabama. USA Truck selected trucking company Jackson Elite to haul the charcoal. USA Truck and Jackson Elite entered into a Broker-Provider Agreement that contained an Arkansas choice-of-law provision and an Arkansas forum-selection clause. According to the Agreement, Jackson Elite promised to "defend, indemnify and hold [USA Truck] . . . harmless from and against all fines, demands, damages, losses, costs, penalties, liabilities and claims of every kind . . .

arising out of or in connection with the transportation of property under this agreement." (Missouri Suit, ECF 40, p. 12, ¶ 8).

Just after the Jackson Elite driver picked up the charcoal and set off for Alabama, bad weather hit, and the truck overturned on a Missouri highway. The Missouri State Highway Patrol contacted a company called The Wrex Group, LLC, to clear away the wreckage. According to The Wrex Group, its employees arrived at the accident scene, wrapped all the charcoal in plastic, manually loaded it onto a trailer, and transported it to a storage facility. About eighteen months later, The Wrex Group filed suit in Missouri state court, seeking payment for the costs it incurred in packaging, transporting, and storing the charcoal. The case was eventually removed to federal court, where The Wrex Group sued Jackson Elite individually for the tort of negligence and sued Jackson Elite, USA Truck, and Walmart jointly for unjust enrichment, quantum meruit, and detrimental reliance under a quasi-contract theory of recovery. *See* Missouri Suit, ECF 27. USA Truck filed cross-claims against Jackson Elite for indemnity and contribution, and the presiding judge in the Missouri Suit transferred those claims to this Court pursuant to the Arkansas forum-selection clause in the Broker-Provider Agreement. About a month after the cross-claims were transferred, The Wrex Group settled all claims against Jackson Elite, and a few months after that, the Missouri court dismissed Jackson Elite from the lawsuit with prejudice. *See* Missouri Suit, ECF 66 (Order of Dismissal).

In the Motion now pending before this Court, Jackson Elite asks that USA Truck's cross-claim for contribution be dismissed because the claim arises under Missouri law, and not Arkansas law. According to Missouri law, a joint tortfeasor's claim for contribution is extinguished when the trial court dismisses the other tortfeasor from the case with

2

prejudice. USA Truck responds that its cross-claim is brought under Arkansas law instead, and pursuant to the Arkansas Uniform Contribution Among Joint Tortfeasors Act ("UCATA"), dismissing Jackson Elite from the Missouri Suit did not extinguish the cross-claim for contribution.

Having reviewed the parties' briefing, the R&R, and the Objections, the Court agrees with the Magistrate Judge that Arkansas law governs the contribution claim. Therefore, the Objections are **OVERRULED**, and the R&R's choice-of-law analysis is **ADOPTED IN ITS ENTIRETY**. The Court emphasizes that its ruling does not address the substance of USA Truck's contribution claim, since the Motion to Dismiss only briefed choice of law. It bears mentioning that the UCATA affords a "right of contribution . . . among joint tortfeasors," Ark. Code Ann. § 16-61-202(a), but defines "joint tortfeasor[s]" as "two (2) or more persons or entities who may have joint liability or several liability *in tort* for the same injury to person or property, whether or not judgment has been recovered against all or some of them," Ark. Code Ann. § 16-61-201(1) (emphasis added). In the Missouri Suit, USA Truck was not sued in tort, so it does not appear to qualify as a "joint tortfeasor" under a plain reading of the statute.[1] Nevertheless, since Jackson Elite's Motion only teed up a choice-of law dispute, the substance of the contribution claim must be reserved for another day.

---

[1] The Magistrate Judge made the same observation. *See* Doc. 81, p. 7 (noting that "[t]he right to contribution . . . under Arkansas' Uniform Contribution Among Joint Tortfeasors Act (UCATA) . . . historically applies only to 'persons liable for torts' and not to actions for breach of contract" (quoting *Roberts and Co., Inc. v. Sergio*, 22 Ark. App. 58, 61 (1987); and citing Howard W. Brill & Christian H. Brill, 1 Ark. Law of Damages, § 7:4, p. 120 (Nov. 2020 Update))).

For the reasons stated in the R&R, **IT IS ORDERED** that Jackson Elite's Motion to Dismiss (Doc. 76) is **DENIED**. The case remains **REFERRED** to the Magistrate Judge for all pretrial purposes. *See* Doc. 78.

**IT IS SO ORDERED** on this 1st day of May, 2025.

/s/ *Timothy L. Brooks*
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE